IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,   )
    )
   v.   ) Criminal Nos. 09-273 & 10-021
    )
ERIN HOUSE,   )
    )
   Defendant.   )

**MEMORANDUM OPINION**

**CONTI, Chief District Judge**

Before the court are numerous motions that affect further scheduling of these

criminal matters. (ECF No. 827, 832.) [1] For the reasons set forth below, the court will not reopen

the record, and will strike Government Exhibits 29 and 30 from the record. (ECF No. 808-1 and -

2.) There will be no further discovery in this case at this stage of the proceedings.

### I.  Procedural History

In these criminal prosecutions, defendant Erin House ("defendant"), now

proceeding pro se, filed numerous motions to suppress evidence seized by the government,

including recordings of conversations in which he participated using a cellular telephone. (ECF

Nos. 313, 333 and 601.) The court held hearings on each of these motions, and the parties filed

proposed findings of fact and conclusions of law. (ECF Nos. 779, 808, and 820.) This matter

was to have been ripe for decision following the filing of defendant's reply proposed findings of

fact and conclusions of law on March 10, 2015. (ECF No. 820.)

---

[1]  Materials have been cross-filed at both criminal action numbers. Unless there is a relevant distinction, the court will refer to the docket of the first-filed case, Criminal Action Number 09-273.

In its proposed findings of fact and conclusions of law, however, the government relied upon and attached three exhibits that had not been admitted into evidence at any of the hearings on the pending motions. Two exhibits were FBI linesheets for conversations that defendant alleged were illegally intercepted, (Gov. Ex. 29 and 30), and one exhibit was a portion of a pen register print out, with highlighting added by the government to identify certain communications, (Gov. Ex. 31). (ECF No. 808-1, -2, and -3.) The government explained that the additional exhibits were "self-explanatory and noncontroversial," had been "provided previously to Defendant House,"[2] and "clarify[ied] and explain[ed] documents and arguments made by House." (ECF No. 808 at 6 n.4.) Defendant, in his reply proposed findings of fact and conclusions of law, disputed those representations and objected to the government's submission of these three exhibits on the ground that they were not previously disclosed, and were, at this point in the proceedings, prejudicial. (ECF No. 820 at 1-4, 40-41.)

On the same day that defendant's reply proposed findings of fact and conclusions of law were docketed, the court ordered the government to respond to defendant's objection to the three new exhibits, and scheduled a hearing on the matter. (ECF No. 823.) In its response, the government argued that the evidence was not new because it corroborated the government's other evidence and only reflected a new "format" for information previously disclosed to defendant. (ECF No. 825 at 2-4.) The government also contended that defendant was not prejudiced because he has, to date, been unable to substantiate his claims or to show that the outcome of these proceedings would be different. (Id. at 4-5.)

---

[2] The government later explained that it was "mistaken when it stated …that House was previously provided with Exhibits 29 and 30" and that although defendant had received the "same information" contained in the new exhibits, he had not received copies of the exhibits themselves until they were attached to its proposed findings of fact and conclusions of law, on February 6, 2015. (ECF No. 825 at 2 & n.1; ECF No. 808.)

Following the government's response, defendant filed a motion to compel and a reply brief in which he reiterated his prior arguments, and noted that additional discovery and testimony would now be required to authenticate how the linesheets were created, and to investigate the government's wiretap tapes and systems for inconsistencies and defects. (ECF Nos. 827 and 830 at 2-4.) In the motion to compel, defendant specifically requested that he be permitted to inspect and copy the original wiretap disks presented to the district court for sealing, the orders sealing those disks, and the logs of the individuals who monitored the wiretap. (ECF No. 827 at 1-2.) Defendant also requested that a computer expert be permitted to inspect the "hard drive and/or meta data from the system and/or systems that produced the information on the sealed disk." (Id.) The government opposed defendant's motion to compel, but indicated that it would voluntarily produce a disk containing all FBI linesheets and the orders sealing the wiretap disk. (ECF No. 833.)

On the same date that the government filed its opposition to defendant's motion to compel, the government filed a motion to reopen the record to admit Government Exhibits 29-31 into evidence. (ECF No. 832.) In support of that motion, the government argued that the record should be reopened because the exhibits were helpful to the court. (Id. at 1-2.) Defendant opposed that motion on the ground that reopening the record now would be unfair, untimely, and a cause of unnecessary and oppressive pretrial delay. (ECF Nos. 835 and 837.)

The court held a hearing on May 20, 2015, to address defendant's objection to Government Exhibits 29-31, defendant's motion to compel, and the government's motion to reopen the record. At the hearing, the parties agreed that Government Exhibit 31, by which the government added demonstrative highlighting to an exhibit already admitted into evidence by defendant, was properly before the court. (ECF No. 841 ("Trans.") at 10-11.) The remaining

3

dispute, therefore, was whether the record should be reopened to permit the government to admit into evidence the two FBI linesheets, Government Exhibits 29 and 30, and if so, what further proceedings would be required with respect to that newly-admitted evidence.

The government reiterated the arguments made in its written submissions that the record should be reopened because the FBI linesheets were helpful to the court and were not "new" evidence. (Trans. at 6-8, 9-12.) The government described the linesheets elsewhere in the written record as combining the "call transcripts, start times, durations, and participating numbers in one document" and explained that "[t]his same information exists in multiple (and sometimes overlapping) places in the material previously given to House." (ECF No. 825 at 2.) Although the government did not make this argument in its written submissions in support of the motion to reopen the record, the government explained at the hearing, and elsewhere in the written record, that the linesheets had not been previously produced in this case because defendant's theories changed throughout these proceedings and the government could not have anticipated the manner in which the linesheets would be helpful to resolution of defendant's motions until after defendant filed his proposed findings of fact and conclusions of law. (Trans. at 7-8; see ECF No. 833 at 2 & n.1 (government making this argument in opposition to defendant's motion to compel).)

After reviewing the parties' submissions and considering the arguments made at the hearing, the court must conclude that the government failed to show that the facts and circumstances of this case satisfy the applicable legal standards. In reaching this conclusion, the court relies heavily on the prejudicial delay that would be caused by reopening the record at this stage of these proceedings, which have been pending for several years.

## II. Legal Authorities

The decision whether to reopen the record at a suppression hearing falls within the discretion of the district court, but "courts should be extremely reluctant to grant reopenings." United States v. Coward, 296 F.3d 176, 180 (3d Cir. 2002). The party moving to reopen the record should provide an explanation for its failure to present the evidence earlier in the case. United States v. Kithcart, 218 F.3d 213, 220 (3d Cir. 2000). The court evaluates that explanation to determine whether it is both reasonable and adequate to explain the delay in producing the evidence. Id.; Coward, 296 F.3d at 181.

Although, in exercising its discretion, the court must consider the timeliness of the motion, the character of the evidence, and the effect of the granting of the motion, a district court's primary focus should be on whether the party opposing reopening would be prejudiced if reopening is permitted. United States v. Smith, 751 F.3d 107, 114 (3d Cir. 2014); United States v. Hugh, 236 F.App'x 796, 802-03 (3d Cir. 2007) (Ambro, J., dissenting); Coward, 296 F.3d at 180; Kithcart, 218 F.3d at 220. In assessing prejudice, the court must consider the stage of the proceedings and whether the opposing party had notice of the new evidence, is able to rebut the evidence, or offer new evidence of its own. United States v. Rey, 595 F. App'x 152, 154-55 (3d Cir. 2014); Smith, 751 F.3d at 114; Coward, 296 F.3d at 181; United States v. Blankenship, 775 F.2d 735, 741 (6th Cir. 1985).

**III.    Discussion**

**A.  The Prejudice Factor**

Because the prejudice factor is dispositive in this case, and is the "most important consideration," this court's analysis begins here. Hugh, 236 F.App'x at 803 (citing Blankenhip, 775 F.2d at 741).  In assessing prejudice, the court must consider the stage of the proceedings and whether defendant had notice of the new evidence, and is able to rebut the evidence, or offer new evidence of its own. Rey, 595 F. App'x at 154-55; Smith, 751 F.3d at 114; Coward, 296 F.3d at 181; Blankenship, 775 F.2d at 741.  This court, therefore, must weigh the potential prejudice to defendant if Government Exhibits 29 and 30 were admitted into evidence.

This case is at a late stage of the proceedings.  Defendant was first indicted more than five years ago, with seven co-defendants. (ECF No. 1.)  All co-defendants have already been sentenced, pursuant to guilty pleas.  Defendant filed the first of his motions challenging the government's seizure of evidence in August 2010. (ECF No. 313.)  The court held eleven hearings on defendant's motions in 2010, 2011, 2012, 2013, and 2014.  Defendant's motions should have become ripe for adjudication on March 10, 2015, when defendant filed his reply to the government's proposed findings of fact and conclusions of law, but were not because defendant objected to the government's submission of new evidence.  Instead of proceeding to rule on the merits of defendant's motions challenging the government's seizure of evidence, the court was required to engage in further preliminary and procedural motions practice.  The late stage in these years-long proceedings causes prejudice to defendant and weighs heavily against reopening the record.

The court is next to consider whether defendant had notice of the new evidence, is able to rebut the evidence, or offer new evidence of his own. The government now admits that defendant did not have access to any FBI linesheets before Government Exhibits 29 and 30 were attached to its proposed findings of fact and conclusions of law. (ECF No. 825 at 2 & n.1; ECF No. 808 at 6 & n.4.) Although the government contends that defendant could have obtained the "same information" set forth in the FBI linesheets by combining the pen/trap data and the wiretap CD, the government cannot, and does not, dispute that the information was not provided to defendant in the format set forth in Government Exhibits 29 and 30 before the record was closed. (ECF No. 825 at 2, 3.) The format of the FBI linesheets includes headers indicating the "user," "monitored by," "participants," "classification," and "session number." (ECF No. 808-1.) Access to these data points in a single document would not be insignificant to a defendant claiming that the government was listening to his conversations on an illegal interception device, instead of a lawful wiretap. The information in the FBI linesheets appeared in a format that was new to defendant, and if the record is reopened to admit the exhibits, defendant may be entitled to discovery concerning the collation and formatting of that information. The court concludes that defendant did not have notice of the new exhibits, which weighs against reopening the record.

The court is to assess whether defendant can rebut the new evidence, or offer new evidence of his own. As set forth above, the record with respect to defendant's numerous motions challenging the government's seizure of various kinds of evidence, which was open for more than four years, has been closed. In order for defendant to rebut the new exhibits proffered by the government, the court would be required to consider defendant's outstanding motion to compel, possibly order the production of additional materials from the government and permit

defendant to obtain another expert witness, and conduct further evidentiary hearings on defendant's motions. Although it is possible for the court to provide defendant with an opportunity to rebut the government's new exhibits, and to offer new evidence of his own, it would come at further expense and delay. Under the circumstances of this case, the court concludes that these factors, on balance, weigh against reopening the record.

In summary, upon consideration of each of the relevant factors and especially considering the length of time that defendant's motions have already been pending, the court concludes that defendant would be greatly prejudiced if the court were to reopen the record. Rey, 595 F. App'x at 154-55; Smith, 751 F.3d at 114; Coward, 296 F.3d at 181; Blankenship, 775 F.2d at 741.

The potential prejudice to the government if the evidence is excluded is not necessarily a factor for this court to consider. This court notes, however, that the government conceded at the hearing on its motion to reopen the record that there was sufficient evidence in the record to support its position, even without its two new exhibits. (Trans. at 9-10, 11-12.) The government's concession is in accord with its position throughout these proceedings that the FBI linesheets do no more than assemble, in a single document, information that is otherwise already in the record. (ECF No. 825 at 2.) According to the government, Government Exhibits 29 and 30 were proffered in order to assist the court in analyzing a technically confusing matter, which involves reviewing voluminous cellular telephone and government surveillance records that use different numeric identifiers for the same device. (Trans. at 11-12.) Although the court, having reviewed Government Exhibits 29 and 30, cannot disagree with the government's assessment that the new exhibits would assist the court, the delay that would be caused were the court to reopen the record to admit the items into evidence now is too prejudicial to defendant under the

circumstances of this case. The government has indicated that the court is able to decide the

pending motions without reference to its new exhibits, and that is how this court will proceed.

(Trans. at 9-10, 11-12.)

### B.  The Other Factors

In deciding whether to reopen the record, this court is to consider the

government's explanation for not offering the new exhibits into evidence sooner, the timeliness

of the motion, the character of the evidence, and the effect of granting the motion. Smith, 751

F.3d at 114; Hugh, 236 F.App'x at 802-03; Coward, 296 F.3d at 180; Kithcart, 218 F.3d at 220.

None of these other factors outweigh the prejudice that will be caused if the record were

reopened at this point in the proceedings.

The government, as the movant, has the burden to offer a reasonable and adequate

explanation for its failure to admit the FBI linesheets into evidence before the record was closed.

Kithcart, 218 F.3d at 220.  Even an explanation that is "less than compelling," is not fatal to a

proponent's request to reopen the record, however, if the other factors, such as notice and

prejudice, weigh in favor of reopening the record. Rey, 595 F.App'x at 155.  Because this court

considers the prejudicial delay that would be caused by reopening the record to be dispositive,

and because the government concedes that the same evidence appears in the record, in a different

format, this factor is not critical to the court's analysis.  For purposes of deciding the present

motion, the government's explanation that the linesheets were not previously admitted into

evidence because their relevancy was unknown until after defendant filed his proposed findings

of fact and conclusions of law is deemed to be reasonable and adequate.  (Trans. at 6-7, 11; see

ECF No. 833 at 2 & n.1.)

9

This court is to consider the timeliness of the motion, the character of the evidence and the effect of granting the government's motion to reopen the record. Smith, 751 F.3d at 114; Hugh, 236 F.App'x at 802-03; Coward, 296 F.3d at 180; Kithcart, 218 F.3d at 220. The government timely filed a motion to reopen the record following defendant's objection to the new exhibits. (ECF No. 832.)  With respect to the character of the evidence, the FBI linesheets appear to be readily admissible and relevant to the challenges defendant makes to the government's interception of his conversations.  Under the circumstances of this case, however, the character of the evidence factor is outweighed by the prejudice that would be caused if this matter were delayed further.  The effect of granting the government's motion likewise weighs against reopening the record for the same reason.  As discussed above, were the court to allow the government to admit the FBI linesheets into evidence, defendant may be allowed access to at least some additional discovery materials in order to rebut the new exhibits, and additional evidentiary hearings would likely be required.  Such proceedings would cause further delay in a case that was initiated more than five years ago.  On balance, where the government concedes that the same information already appears in the record, and that the new exhibits were proffered only in order to assist the court, the additional delay is not warranted.

None of these other factors can outweigh the prejudice that would be caused by further delaying these proceedings by reopening the record.

IV.    **Conclusion**

Due primarily to the delay that would result if the record was reopened to allow Government Exhibits 29 and 30 to be admitted into evidence, the government's motion, (ECF No. 832), must be denied.  Given the late stage of these proceedings, and the age of this case, further delay cannot be tolerated.  The court, therefore, sustains the objection made by defendant to Government Exhibits 29 and 30 and strikes those exhibits from the record. (ECF No. 820 at 1-4, 40-41; ECF No. 808-1 and -2.)  Defendant's motion to compel further discovery materials, (ECF No. 827), is denied as moot, without prejudice.

An appropriate order will be filed contemporaneously with this opinion.


DATED:  June 23, 2015                                    BY THE COURT:


                                                         /s/ *Joy Flowers Conti*
                                                         Joy Flowers Conti
                                                         Chief United States District Judge


**cc:**    ERIN HOUSE
           Reg. No. 04568-041
           NEOCC
           2240 Hubbard Rd.
           Youngstown, OH 44505